NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAMELA ANNENBERG,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>CLARK COUNTY SCHOOL DISTRICT,<br><br>　　　　　Defendant-Appellee. | No.　19-16031<br><br>D.C. No.<br>2:17-cv-03090-APG-NJK<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted June 9, 2020**
San Francisco, California

Before: MILLER and HUNSAKER, Circuit Judges, and SCHILTZ,*** District
Judge.

Pamela Annenberg is employed as a special-education teacher by defendant

Clark County School District ("District"). Annenberg appeals the district court's

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Patrick J. Schiltz, United States District Judge for the
District of Minnesota, sitting by designation.

grant of summary judgment in favor of the District on her failure-to-accommodate, disparate-treatment, retaliation, and interference claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112, 12203. We have jurisdiction under 28 U.S.C. § 1291. Our review is de novo. *United States v. JP Morgan Chase Bank Account No. Ending 8215*, 835 F.3d 1159, 1162 (9th Cir. 2016). Viewing the facts in the light most favorable to Annenberg, *id.*, we affirm.

*Failure-to-accommodate claim.* The district court properly granted summary judgment on Annenberg's failure-to-accommodate claim because there is no evidence that Annenberg was denied a reasonable accommodation required by the ADA. Annenberg contends that the District agreed that she would not have to complete more than two Individual Education Plans ("IEPs") per month, and that the District violated that agreement. But Annenberg's claim is not for breach of contract; it is for violation of a federal statute. Under the ADA, the District "need only provide some reasonable accommodation." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002). The fact that the District failed to provide a *particular* accommodation—specifically, the two-IEP-per-month accommodation that it allegedly promised—does not mean that the District did not provide a *reasonable* accommodation. To prove a violation of the ADA, Annenberg must show that the accommodation that was actually provided was unreasonable. She made no effort to do so, and thus the District was entitled to summary judgment on

her failure-to-accommodate claim.

*Disparate-treatment claim.* The district court properly granted summary judgment on Annenberg's disparate-treatment claim because Annenberg failed to show that she suffered an adverse employment action. In the context of a discrimination claim, an adverse employment action is one that "materially affects the compensation, terms, conditions, or privileges of employment." *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) (internal quotation marks and alterations omitted). None of the allegedly discriminatory acts cited by Annenberg rise to the level of an adverse employment action, and thus the District was entitled to summary judgment on the disparate-treatment claim.

*Retaliation claim.* Annenberg argues that her supervisor, Jennifer Ludtke, retaliated against her after she filed an administrative charge alleging disability discrimination. Annenberg does not have direct evidence of retaliation, and thus her claim is analyzed under the familiar *McDonnell Douglas* framework. *See Curley v. City of North Las Vegas*, 772 F.3d 629, 632 (9th Cir. 2014).

Annenberg complains that Ludtke retaliated against her by rating her as "minimally effective" on her year-end performance evaluation, issuing an oral warning based on false allegations that Annenberg fell asleep in class, and criticizing her lesson plans and classroom demeanor. The district court found that none of these acts qualified as adverse employment actions for purposes of

19-16031

Annenberg's retaliation claim for the same reasons that they did not qualify as adverse employment actions for purposes of Annenberg's disparate-treatment claim.

The district court's analysis was flawed because "retaliation claims may be brought against a much broader range of employer conduct than substantive claims of discrimination." *Campbell v. Haw. Dep't of Educ.*, 892 F.3d 1005, 1021 (9th Cir. 2018) (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67–68 (2006)). As noted, something done by an employer is not an adverse employment action for purposes of a discrimination claim unless it materially alters the terms or conditions of the plaintiff's employment. But something done by an employer is an adverse employment action for purposes of a retaliation claim—even if it does not materially alter a term or condition of employment—as long as it would deter a reasonable employee from engaging in the protected activity. *See Ray v. Henderson*, 217 F.3d 1234, 1242–43 (9th Cir. 2000).

Ludtke's criticism of Annenberg's lesson plans and classroom demeanor do not qualify as adverse employment actions even under this less-demanding standard. These are the types of "trivial harms" or "minor annoyances" that cannot support a claim of retaliation under the ADA. *Burlington*, 548 U.S. at 68; *see also Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1112 (9th Cir. 2000) (finding that "increased criticism" does not constitute an adverse employment action). But

4                                                                    19-16031

Ludtke's formal warning to Annenberg and Ludtke's evaluation of Annenberg's performance as "minimally effective"—both of which became part of Annenberg's personnel file, and both of which put Annenberg at risk of more serious discipline in the future—could deter a reasonable employee from engaging in protected activity. *See Anthoine v. N. Cent. Ctys. Consortium*, 605 F.3d 740, 750 (9th Cir. 2010) (finding that a "verbal warning" and "an unsatisfactory evaluation" were adverse actions for purposes of First Amendment retaliation claim); *see also Coszalter v. City of Salem*, 320 F.3d 968, 976–77 (9th Cir. 2003) (adopting "reasonably likely to deter" standard in the context of First Amendment retaliation claims).

We nevertheless affirm the district court's dismissal of Annenberg's retaliation claim. Even assuming that Annenberg can establish a prima facie case of retaliation, her claim fails at the remaining steps of the *McDonnell Douglas* inquiry. The District put forward legitimate, non-discriminatory reasons for its actions, and Annenberg failed to raise a genuine issue of material fact as to whether those reasons were pretextual. The District submitted evidence that Ludtke issued the oral warning following a report from the general education teacher with whom Annenberg was cooperatively teaching—a report that was later corroborated by several students—that Annenberg had fallen asleep during class. The District also submitted evidence that Annenberg's "minimally effective" rating

was based on several documented deficiencies in Annenberg's teaching performance under the Nevada Education Performance Framework. Annenberg disagrees with the District's conclusions—she claims, for example, that she only *appeared* to be sleeping in class—but she has failed to introduce evidence that would allow a jury to find that the District's proffered explanations are pretextual. For that reason, we affirm the dismissal of Annenberg's retaliation claim. *See Curley*, 772 F.3d at 633–34 (finding that absent evidence of pretext, summary judgment with respect to plaintiff's retaliation claim was appropriate); *Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1066 (9th Cir. 2003) (citation omitted) (explaining that circumstantial evidence of pretext must be both "specific" and "substantial" to survive summary judgment).

*Interference claim.* Finally, the district court declined to consider Annenberg's claim for interference because she did not give fair notice that she was pursuing such a claim until she submitted a memorandum in opposition to the District's motion for summary judgment. Having reviewed the entire course of the proceedings before the district court—and not just the fragments in the complaint to which Annenberg now points—we have some sympathy for the district court's decision. We need not address the issue, however, because even if Annenberg's interference claim were preserved, the claim could not survive a motion for summary judgment.

6

19-16031

In order to state a claim for interference, Annenberg must, at a minimum, identify a right to which she was entitled under the ADA and allege that the District interfered with that right in some way. *See* 42 U.S.C. § 12203(b). Annenberg mainly argues that the District interfered with her rights under the ADA by failing to limit the number of IEPs that she was required to complete to two per month.[1] As already discussed, however, Annenberg has not established that she had a right to this accommodation *under the ADA*. Moreover, Annenberg has not introduced evidence of any specific instance of coercion, intimidation, threatening conduct, or interference related to her exercise of her supposed right to decline to complete more than two IEPs per month. *See id.* And finally, Annenberg has failed to submit any evidence that she suffered a "distinct and palpable injury" as a result of any interference with her purported right under the ADA not to be required to complete more than two IEPs per month. *See Brown v. City of Tucson*, 336 F.3d 1181, 1193 (9th Cir. 2003) (citation omitted).

**AFFIRMED**.

---

[1] Annenberg also argues that the District interfered with her right under the ADA to sit down while teaching. But this accommodation has nothing to do with Annenberg's post-perfusion syndrome, which is the only disability at issue in this litigation.

19-16031